GEORGE E. ADLETS, Appellant, v. THE PROGRESSIVE SHOE COMPANY, Respondent.

St. Louis Court of Appeals, April 25, 1900.

1. **Corporation: PRESIDENT OF COMPANY: NOT ENTITLED TO SALARY.**  As president or acting president, and as a member of the board of directors, it was his duty to the company to promote its general welfare, to consult with and advise its officers and employees, and for such services the law implied no contract to pay him.

2. ——: ——: **EMPLOYMENT: THAT OF A SALESMAN.**  His employment as a salesman contemplated actual services, which on account of illness he was unable to render, and as he earned nothing under his contract he was not entitled to pay, and the judgment will be affirmed.

Appeal from the St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

AFFIRMED.

*Frank K. Ryan* for appellant.

(1) Where a director of a corporation is elected one of its officers for a yearly term, and his compensation is fixed by a resolution of the board of directors at a certain amount per week or per month, there is in effect an engagement by the corporation to pay the officer at that rate for a year, or at least until such resolution is by the board rescinded. Hassenfus v. Philadelphia P. & F. Co., 15 Pa. C. C., Rep. 650; Rosborough v. Shasta River Canal Co., 22 Cal. 556; See Bennett v. St. L. Car Roofing Co., 23 Mo. App. 587. (2) Even to consider the appellant's position with the respondent to be merely that of a salesman at a monthly salary, yet he was never discharged, and it appearing that during his illness business relations were constantly kept up between respondent and appellant, it must be held that appellant has a right to recover the balance claimed by him. Cuckson v. Stone, 1 El. and El. 248. (3) The appellant should have been allowed to show any sales made by respondent as to which appellant was the producing cause. Tyler v. Parr, 52 Mo. 249. (4) The appellant should have been allowed to show that the sales made by and through himself were by their amount a full performance of his duties with the respondent as salesman, regardless of the time when such sales were made, or whether they were done by him directly or indirectly. In fact the burden of proof was upon the respondent to show that appellant's services were not a full performance of his duties to respondent. Jaffray v. King, 34 Md. 217. (5) The respondent can not deprive appellant of his salary from April 16th until August 1st, because respondent took no action to discontinue appellant's employment. O'Leary v. City of N. Y., 93 N. Y. 1; Devlin v. City of N. Y., 41 Hun. 281. (6) The appellant should

have been allowed to show that attorney for respondent had admitted in the trial before the justice that respondent's salesman, Carger, had represented to appellant's customers that their orders to him would be for appellant's benefit. Tierney v. Hannon's Executor, 81 Mo. App. 488; Lord v. Biglow, 124 Mass. 185; Greenl. on Evid., sec. 186, and note b.

*Morris G. Levinson* for respondent.

(1)   The mere election of a corporate officer for a year gives him no vested right to enjoy a compensation during the entire year, where the resolution fixed the compensation on a weekly basis.   Bennett v. Roofing Co., 23 Mo. App. 587. (2)   An independent hiring at a stipulated sum per year, month, week or day, is a hiring at will and can be terminated by either party at the expiration of any year, month, week or day.   Boogher v. Life Ins. Co., 8 Mo. App. 533; Finger v. Brewing Co., 13 Mo. App. 310; Rose v. Carbonating Co., 60 Mo. App. 28.   (3) An officer of a corporation is not entitled to pay for services rendered the corporation in the absence of any agreement made with the board of directors to compensate him.   Land Imp. Co. v. Webster, 75 Mo. App. 463; Remmers v. Seky, 70 Mo. App. 364; Pfeiffer v. Lansberg Co., 44 Mo. App. 59; Besch v. Carriage Co., 19 Mo. App. 349. Officers of a corporation can not vote for a resolution to fix their own salaries as officers of the company.   Ward v. Davidson, 89 Mo. 445; Hax v. Mill Co., 39 Mo. App. 453; Mill Co. v. Bennett, 39 Mo. App. 460; Besch v. Carriage Co., 36 Mo. App. 333; Hill v. Mining Co., 119 Mo. 59.

BLAND, P. J.—The suit was commenced before a justice of the peace and taken by appeal to the circuit court, where the court, after plaintiff rested his case, instructed the jury against him, whereupon he took a nonsuit with leave

to move to set the same aside.    His motion to set aside non-suit and for new trial was overruled and he appealed.

The suit is to recover $450 claimed by plaintiff to be due him from defendant for wages from April 16, to August 20, 1898, at the rate of $25 per week.    Plaintiff was a charter member of the defendant corporation, and was its president to December 2, 1897, when he resigned as president and was at the same meeting elected first vice-president. The evidence tends to prove that after his resignation as president he continued to act as president until he severed his connection with the company in August, 1898 (his successor refusing to act).    The evidence is that plaintiff was an experienced and successful shoe salesman, and that he had a considerable clientage among retail shoe dealers in the city of St. Louis, and that he brought a considerable trade to the respondent; that prior to April 16, 1898, the board of directors fixed the scale of wages of its employees.    By this scale the wages of plaintiff as a salesman, was fixed at $25 per week, and the wages of Miller, its other salesman, at $16.50 per week.    The officers of the corporation were not paid a salary or wages as such.    On April 16 the plaintiff became disabled on account of rheumatism and a bad ankle, and was confined in a hospital until August following.    During this period nor afterwards did he render any active service to defendant as salesman.    He offered evidence (rejected by the court), to prove that the customers which he had brought to defendant continued to patronize it during his illness, solely on his account, and for the reason that he was president of the company.    He testified that Miller, the other salesman, visited him two or three times a week while he was in the hospital to consult him about business, and that he gave Miller instructions and information about the trade, and that he was called on several times by the secre-

tary concerning the business of the company and signed some papers as president. Miller stated his calls were of a social character, and that business was only incidentally discussed.

Appellant seeks to recover, not on the ground that he rendered active services by selling goods or taking orders for them during the period for which he sues, but on the theory that he was in the employ of the company and rendered services as president and gave direction and instructions concerning the business of the company. In answer to this contention it may be said that as president, or acting president, and as a member of the board of directors, it was his duty to the company to promote its general welfare when the opportunity presented itself, and to consult with and advise its officers and employees, when appealed to, and that for such services the law implies no contract to pay, nor did the board of directors agree to pay him or any other officer of the company for like services. His employment was that of salesman by the week. It contemplated active, actual services in soliciting orders for shoes and selling shoes to the trade. This service he did not render and could not render on account of his illness. He earned nothing under his contract, and on his own testimony he is not entitled to recover.

Judgment affirmed. Judge *Bond* concurs; Judge *Biggs* absent.